## BLAKE et al. v. MARSHALL et al.
### (No. 2951.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1924. Rehearing Granted July 5, 1924.)

Lost instruments ☞9—Evidence held for jury.

In suit to establish lost deed, evidence *held* for the jury.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Suit by Mattie Blake and another against J. S. Marshall and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded, on rehearing.

I. C. Underwood, of Jefferson, for appellants.

Schluter & Singleton, of Jefferson, for appellees.

HODGES, J. Appellants, Mattie Blake and husband, sued the appellees to recover a tract of land situated in Marion county. They pleaded a written conveyance from C. L. Marshall and wife, deceased, the admitted common source of title, but alleged that the deed from Marshall had been lost. They also alleged a parol purchase, possession of the premises, payment of the purchase money, and the making of valuable improvements. The appellees claimed title as the children and only heirs of C. L. Marshall and wife. At the conclusion of the evidence the court directed a verdict for the defendants.

In this appeal it is contended that the evidence raised an issue concerning the title which should have been submitted to the jury. Appellants claim through one Bob Hines, who, they allege, purchased the land from C. L. Marshall and wife about 1889. Their witnesses testified to facts which tended to show that on or about that time Hines did purchase a tract of 100 acres of land from Marshall, and that Hines had a deed from Marshall and wife conveying a tract of land in consideration of $100 paid. The appellants' petition described a well-defined tract of land, situated in the Hambrick Black survey in Marion county, but the testimony offered by them failed to identify this land as that which had been conveyed by Marshall to Bob Hines. In order to make out a case, the appellants were not only required to show a conveyance from Marshall and wife, or a valid parol sale, but they must show what land was sold and conveyed to Hines. The evidence in this case does not meet those requirements. The witnesses refer to 100 acres of land, and say that Bob Hines went into possession and improved a part of it, but they do not indicate any lines, or identify any tract, that would enable a surveyor to locate any particular land. The surviving wife of Hines testified that Hines told her that he had purchased a 100-acre tract of land from Marshall; that he exhibited to her a deed which was read to her by another party and which purported to be signed and acknowledged by Marshall and his wife. She did not, however, state what land the deed described. Two other witnesses testified that in conversations with Marshall with reference to some clearing that had been done by Hines, Marshall told them that Hines had purchased the land and had paid for it; but no witnesses identify that land as the land involved in this suit. There are some undisputed facts which tend strongly to show that no sale was ever made to Hines. It is admitted that Hines had only lived on the land a few years when he was convicted of murder and sent to the penitentiary for life. His widow remained on the place only a short time, and then moved away. Since then no one has used or occupied the land. It was admitted on the trial that neither Hines nor any of his descendants had ever paid any of the taxes on the land, but that the taxes had for years been paid by Marshall or his heirs. It does not appear that the surviving wife of Hines, or any of his children, made any open claim to that land from the time the wife abandoned it many years ago until about the time this suit was instituted.

We are of the opinion that the evidence was insufficient to sustain a finding in favor of the appellants, and the judgment will be affirmed.

### On Motion for Rehearing.

This case was affirmed upon the ground that the testimony was insufficient to identify the land claimed by the appellants with that described in their petition. A more careful examination of the evidence has led to a contrary conclusion. Laura Clinton, the wife of Bob Hines, testified that the land her husband bought from Marshall is the same place that is here in litigation. It does not appear that there was any serious question about the identity of the land involved in the suit. The principal issue in the controversy was that relating to the conveyance of Marshall to Hines. We are of the opinion that the testimony tending to show that Marshall did convey the lands to Hines was such as required the issue to be submitted to the jury. If the witnesses who testified upon that point

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

-for the appellants told the truth, the jury had a right to conclude that Marshall had -conveyed to Hines and that the deed had been lost.

The judgment heretofore rendered affirming the case will be set aside, and the judgment of the trial court reversed, and the -cause remanded for another trial.